[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DEFENDANT'S MOTION TO DISMISS
In 1992 the plaintiff, Hughes Brothers Inc. (Hughes), chartered two barges to George A. Tomasso Construction (Tomasso) for use on the Founder's Bridge Project. Tomasso after experiencing severe financial problems was replaced by O G Industries (OG). At some point damage was done to the barges and Hughes now seeks in this action brought under General Statutes § 49-42 (b) in its 1991 version to recover payment for repair of its barges from National Union Fire Insurance Co. of Pittsburgh, PA (National), as the surety for Tomasso. National moves to dismiss the action, claiming that it is time-barred by § 49-42 (b).
General Statutes § 49-42 (b) states in relevant part that "no CT Page 511 such suit may be commenced after the expiration of one year after the day in which the last of the labor was performed or material was supplied by the claimant." National argues that because the last material, namely the barges, supplied by Hughes to Tomasso took place more than a year prior to February 25, 1999 when the action being filed, the action is time-barred. Hughes claims that pursuant to new charter agreements with OG executed in April and May, 1997, the barges were continued to be used by Hughes on the same project at this use continued to the time this action was filed and the fact that these materials were not supplied directly to Tomasso is immaterial, as the statute on its face does not require this.
In Blakeslee Arpaia Chapman, Inc. v. El Construction, Inc.,239 Conn. 708, 714 (1997), our Supreme Court stated that "General Statutes (Rev, to 1983) §§ 49-43, which provide for the furnishing of bonds guaranteeing payment (payment bonds) on public works construction projects, were `enacted to protect workers and materials suppliers on public work projects who cannot avail themselves of otherwise available remedies such as mechanic's lines." "This legislation, known as the "Little Miller Act" (act), `was patterned after federal legislation popularly known as the Miller Act; 40 U.S.C. § 270a through 270d; and, therefore, we have regularly consulted federal precedents to determine the proper scope of our statute." Id, 716. Decisions in the federal court strongly suggest that a plain reading of the statute indicated that tolling of the one-year begins on that last day on which materials were supplied, regardless of whether the materials were supplied under an original or replacement contract. See General Electric v. Southern Construction, 383 F.2d (5th Cir. 1967) cert. denied 390 U.S. 955, 88 S.Ct. 1049,19 L.Ed.2d 1148 (1968); United States ex rel Atlman v. Young LumberCompany, 376 F. Sup. 1290 (D.S.C. 1974).
There are questions of fact as to when the damage to the barges took place and the time when materials were last supplied by Hughes, but these are not resolvable under a motion to dismiss. Since this complaint was filed within one year of the day on which the barges were allegedly being supplied by Hughes, the motion to dismiss is denied.
Jerry Wagner Trial Judge Referee CT Page 512